UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DEBORAH TOMPKINS, *administrator of the* ESTATE OF LARRY DUNCAN, III, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:13-CV-558-TAV-CCS |
| TRAVIS HARNESS, *in his official and Individual capacities*, and SCOTT COUNTY, TENNESSEE, | ) ) ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion for Leave to Withdraw as Counsel [Doc. 16]. Attorney Michael Giamio moves the Court to permit him to withdraw as counsel in this case. Mr. Giamio represents that "recent events have revealed conflicts that make continued representation problematic, if not impossible." [Doc. 17 at 1]. Mr. Giamio further represents to the Court that he has complied with Local Rule 83.4.[1]

The parties appeared before the undersigned on May 19, 2014, to address the Motion for Leave to Withdraw as Counsel [Doc. 16]. Mr. Giamio stated his basis for withdrawing in this case, to the extent he was able to do so without revealing client confidences. Attorney Arthur Knight appeared on behalf of the Defendants and represented that the Defendants do not object to the request to withdraw.

---

[1] Mr. Giamio states that "this motion [is] in compliance with Rule 83.4 of the Local Rules for the United States District Court for the Middle District of Tennessee." [Doc. 16 at 1]. The Court presumes that this statement was intended to reference the Local Rules for the United States District Court for the Eastern District of Tennessee.

The Court has considered the parties positions and finds that the Motion for Leave to Withdraw as Counsel [Doc. 16] was not well-taken, because the plaintiff in this action is now the Estate of Larry Duncan, III. There is no evidence before the Court to demonstrate that Ms. Deborah Tompkins, Mr. Duncan's mother, is a licensed attorney, and therefore, she cannot serve as legal counsel for the estate. Moreover, the Court cannot find that the basis for withdrawing, as described by Mr. Giamio, amounts to "extraordinary circumstances" that would permit the Court to allow Mr. Giamio to withdraw as counsel for an artificial entity. See E.D. Tenn. L.R. 83.4(f).

Accordingly, the Motion for Leave to Withdraw as Counsel **[Doc. 16]** is **DENIED WITHOUT PREJUDICE**. Mr. Giamio may renew his request to withdraw if substitute counsel appears on behalf of the Estate. However, any such substitution shall be made as soon as practicable to avoid delaying any motion practice or the trial in this case.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge